EASTERBROOK, Circuit Judge,
concurring.
Although I join the majority’s opinion, I write separately to observe that the instruction discussed at pages 518-19 is not the best that district courts can do. Park-hurst neither objected to the language quoted at page 519 nor proposed something better, but trial judges should be able to give juries more help than this instruction did.
Detective Koester testified in two capacities: an expert on some issues, he was a lay witness on others. In his expert capacity he helped the jury understand code language used on the Internet to find or attract targets for sexual exploitation; in his other capacity he told the jury about his investigation of and exchanges with Parkhurst.
[W]hen a witness ... testifies in a dual capacity, the district court must take precautions to minimize prejudice to the defendant. The witness’s dual role might confuse the jury, or a jury might be smitten by an expert’s aura of special reliability and therefore give his factual testimony undue weight. Experts famously possess an aura of special reliability surrounding their testimony. And it is possible that the glow from this halo may extend to an expert witness’s fact testimony as well, swaying the jury by virtue of his perceived expertise rather than the logical force of his testimony. Or, the jury may unduly credit the opinion testimony of an investigating officer based on a perception that the expert was privy to facts about the defendant not presented at trial. Alternatively, the mixture of fact and expert testimony could, under some circumstances, come close to an expert commenting on the ultimate issue in a criminal matter.
In light of such dangers, district courts must take some precautions to ensure the jury understands its function in evaluating this evidence. The jury needs to know when an agent is testifying as an expert and when he is testifying as a fact witness. The dual testimony situation places an especially heavy burden on the district court to ensure that the jury understood its function in evaluating the evidence, particularly where the conduct at question may appear innocent. To take the necessary precautions, the court can give an appropriate cautionary instruction and require examination of the witness in such a way as to make clear when the witness is testifying to fact and when he is offering his opinion as an expert. Other precautions *525 include the government establishing the proper foundation for the witness’s expert opinions and the district court allowing rigorous cross-examination.
United States v. Christian, 673 F.3d 702, 712-13 (7th Cir. 2012) (citations and internal quotation marks and other punctuation omitted). By that standard, the instruction given to Parkhurst’s jury falls short. It does not tell the jury “when an agent is testifying as an expert and when he is testifying as a fact witness.” Nor does it tell the jury not to let the witness’s expertise on some matters influence its evaluation of his testimony about the facts of the case.
The district court adapted its language from a precursor to Instruction 3.13 of the Pattern Criminal Jury Instructions of the Seventh Circuit (2012 ed.). Instruction 3.13 and its predecessor in the 1999 edition were designed for use with witnesses testifying solely as experts. That’s why it does not mention the issues that affect dual-capacity witnesses. The Committee on Federal Criminal Jury Instructions could do litigants and district judges a favor by drafting a new instruction for dual-capacity witnesses. Until that happens, litigants and judges should address these issues on their own.
The first step is pinning down exactly which elements of a given witness’s testimony reflect expertise and which reflect knowledge gained as a participant in or investigator of a given case. The parties’ appellate briefs disagree about which parts of Detective Koester’s testimony reflect which of his capacities. They did not try to work out these differences in the district court through draft instructions or submissions to the district judge, so I appreciate the trial judge’s reluctance to address them on his own. Still, the jury needs help-, and district judges ought to prompt the parties on the subject.
Language that "will warn juries not to let respect for expertise carry over to fact-specific testimony can be drafted for use in all similar cases. Here is a simple possibility: “This witness’s special knowledge about [expert subject] does not make his testimony about [lay subject] more reliable than that of any other witness.” Perhaps the Committee will come up with an improvement. Particular language is less important than conveying the idea.
Analysis of a legal problem, such as the discussion in Christian, can affect the conduct of criminal trials only when lawyers and district judges address the problems and put concrete advice in jury instructions. That was not done in Parkhurst’s case because the lawyers did not flag the problem and propose an appropriate treatment. The fact that today’s opinion, like United States v. Moreland, 703 F.3d 976, 983-84 (7th Cir. 2012), accepts language along the lines of Instruction 3.13 as sufficient does not mean that this instruction ought to be given. District judges should do better than the legal floor.
Moreland is problematic in its own right. Decided nine months after Christian, which it does not cite, Moreland told district judges the opposite of Christian in some respects. It asserted that distinguishing between lay and expert components of a single witness’s testimony is unnecessary and confusing to the jury. 703 F.3d at 983-84. We may need to resolve this intra-circuit conflict in some future case. The panel today sides with Christian in identifying dual-capacity testimony as a potential problem on which jurors need information, and with Moreland in approving a jury instruction that fails to distinguish the two kinds of testimony. This tension cannot endure indefinitely. The parties to today’s appeal have riot addressed the tension, let alone asked for its resolution, *526 which can wait for a case in which the subject has been briefed.